IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | | |
|---|---|---|
| VINCE LICOLLI<br>　　　Plaintiff | : | |
| v. | : | CIVIL ACTION NO. |
| FOREST RIVER INC. AND FCA US LLC<br>　　　Defendants. | : | ***NOTICE OF REMOVAL*** |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**
Timothy J. Abeel, Esquire
Timothy J. Abeel & Associates, P.C.
25 Regency Plaza
Glen Mills, PA 19342
**Attorney for Plaintiff**

**PLEASE TAKE NOTICE** that Defendant Forest River, Inc. hereby removes this action to this Honorable Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Defendant Forest River, Inc. respectfully submits as follows:

1.    On, or about April 4, 2018, Plaintiff Vince Licolli filed a civil action in the Superior Court of New Jersey, Law Division, Atlantic County, styled as *Vince Licolli v. Forest River, Inc. and FCA US, LLC*, Docket No. ATL-L-703-18. A copy of the Complaint is attached and marked as Exhibit "A."

2.    The Superior Court of New Jersey, Atlantic County, is located within the district for the United States District Court for the District of New Jersey.

3. Upon information and belief, Forest River, Inc. has not been properly served but the within Notice of Removal is hereby filed within thirty (30) days of Removing Defendant's first notice of the claim.

4. In his Complaint, Plaintiff seeks to recover damages while claiming the use, value and/or safety of a 2018 Dynamax, motor home bearing the Vehicle Identification Number 3C7WRMDL9HG04345 and purchased on September 18, 2017 was substantially impaired as a result of a defect, condition or nonconformity. Plaintiff asserts a federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. as well as claims for a breach of warranty arising under state law. See Exhibit "A."

5. Any civil action over which a district court has original jurisdiction may be removed to the district court embracing the place where such action is pending. See 28 U.S.C. § 1441(a).

6. A district court has original jurisdiction of all civil actions arising under the laws of the United States. See 28 U.S.C. § 1331. This action arises under a federal law because Plaintiff's Complaint includes a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.

7. Although the Magnuson-Moss Warranty Act does not allow actions to be removed to federal court if the amount in controversy is less than $50,000.00, See 15 U.S.C. § 2310(d)(3), the amount in controversy threshold is satisfied in this case as Plaintiff attests damages in excess of $144920.01 and assert a Prayer for Relief "in amount equal to the price of the subject vehicle. . ." See Exhibit "A."

8. Under 28 U.S.C. § 1367, when a federal court has original jurisdiction of one claim, it has supplemental jurisdiction over any other claims that are part of the same case or controversy.

Plaintiff's state law claims in this action form the same case or controversy as his Magnuson-Moss Warranty Act claim. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims.

9. Defendant FCA US LLC has consented to this Removal and all Defendants are unanimous in this Petition.

10. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and Orders that have transpired in the State Court Action have been attached at Exhibit "A."

11. In compliance with 28 U.S.C. §1446(d), Removing Defendant will promptly serve the Superior Court of New Jersey, Atlantic County, Law Division with a docketed copy of the within Petition for Removal.

WHEREFORE, the Removing Defendant hereby gives notice that the above action, now pending against it in the Superior Court of New Jersey, Atlantic County, is removed to the United States District Court for the District of New Jersey (Camden Vicinage).

Respectfully submitted,

**PISANO LAW FIRM**

By: _____  5/9/18
Matthew T. Pisano, Esquire (MP8104)
Pisano Law Firm
309 Fellowship Road
East Gate Center, Ste. 200
Mount Laurel, NJ 08054
Attorneys for Defendant
Forest River, Inc.

LOCAL CIVIL RULE 11.2

I, Matthew T. Pisano, Esquire hereby certify pursuant to Local Civil Rule 11.2, that the above captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**PISANO LAW FIRM**

By: _____
Matthew T. Pisano, Esquire
Attorneys for Defendant
Forest River, Inc.

Date: 5/9/18

## CERTIFICATE OF SERVICE

I hereby certify that aforementioned was filed electronically and is available for viewing and downloading from the Electronic Filing System. Service is thereby made on counsel who are registered to file electronically with the United States District Court - District of New Jersey; otherwise, service will be by way of first class mail, postage prepaid, addressed as follows:

Timothy J. Abeel, Esquire
Timothy J. Abeel & Associates, P.C.
25 Regency Plaza
Glen Mills, PA 19342

Kevin McKeon, Esquire
Marshall Dennehey Warner Coleman & Goggin, P.C.
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054

**PISANO LAW FIRM**

By: _____
Matthew T. Pisano, Esquire (MP8104)
Pisano Law Firm
309 Fellowship Road
East Gate Center, Ste. 200
Mount Laurel, NJ 08054
Attorneys for Defendant
Forest River, Inc.

Date: 5/9/18